Kevin S. Sinclair, Esq., Nevada Bar No. 12277
*ksinclair@earlysullivan.com*
Sophia S. Lau, Esq., Nevada Bar No. 13365
*slau@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada 89148
Telephone: (702) 331-7593
Facsimile: (702) 331-1652

Attorneys for Defendants
CHICAGO TITLE INSURANCE COMPANY and FIDELITY
NATIONAL TITLE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 3,<br><br>Plaintiff,<br><br>vs.<br><br>TICOR TITLE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.: 2:20-cv-00115-KJD-DJA<br><br>**STIPULATION AND PROPOSED ORDER TO STAY CASE PENDING APPEAL AND EXTENDING DEADLINE TO RESPOND TO COMPLAINT**<br><br>**(First Request)** |

Plaintiff Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its Individual Capacity but as Trustee of ARLP Trust 3 ("Christiana Trust") and defendants Chicago Title Insurance Company ("Chicago Title") and Fidelity National Title Insurance Company ("Fidelity") (collectively, the "Parties"), by and through their undersigned counsel, stipulate and agree as follows, subject to the approval of the District Court:

**WHEREAS**, Christiana Trust filed this action on January 16, 2020;

**WHEREAS**, Christiana Trust caused the complaint and summons to be served on Fidelity and Chicago Title (collectively, "Defendants") on January 22, 2020;

**WHEREAS,** Defendants' current deadline to respond to the Complaint is February 12, 2020;



**WHEREAS**, there are now currently pending in the United States District Court for the District of Nevada more than three dozen actions between national banks, on the one hand, and their title insurers, on the other hand (the "Actions");

**WHEREAS**, each of the Actions involves a title insurance coverage dispute wherein the national bank contends, and the title insurer disputes, that a title insurance claim involving an HOA assessment lien and subsequent sale was covered by a policy of title insurance;

**WHEREAS**, in virtually all of these Actions, the title insurer underwrote an ALTA 1992 loan policy of title insurance with form 1 coverage, along with the CLTA 100/ALTA 9 Endorsement and either the CLTA 115.1/ALTA 4 Endorsement or the CLTA 115.2/ALTA 5 Endorsement (the "Form Policy");

**WHEREAS**, each of the Actions implicates common questions of interpretation of the Form Policy;

**WHEREAS**, the national bank in one of these actions has now appealed a judgment of dismissal to the Ninth Circuit Court of Appeals, *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* Appeal");

**WHEREAS**, the Parties anticipate that the Ninth Circuit Court of Appeals' decision in the *Wells Fargo II* Appeal will likely touch upon issues regarding the interpretation of the Form Policy and the reasonableness of the insurer's denial, that could potentially affect the disposition of the other Actions, including the instant action;

**WHEREAS** both of the Parties agree that it is appropriate and desirous to stay the instant action pending the disposition of the *Wells Fargo II* Appeal, that a stay of the instant action will not prejudice either of the Parties, and that a stay of the instant action will best serve the interests of judicial economy (given the possibility that the Ninth Circuit Court of Appeals' decision on the *Wells Fargo II* Appeal might affect the disposition of this case);

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. The instant action shall immediately be **STAYED**, pending the disposition of the

*Wells Fargo II* Appeal.

2. Defendants' deadline to respond to the Complaint is hereby **VACATED**.

3. By entering into this stipulation, Defendants do not intend to waive, and expressly reserve, any and all defenses listed in Fed. R. Civ. P. 12(b), including with respect whether they are subject to personal jurisdiction in this forum.

4. By entering into this stipulation, none of the Parties is waiving its right to subsequently move the Court for an order lifting the stay in this action.

Dated this 31st day of January 2020
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP

By: */s/--Kevin S. Sinclair*
Kevin S. Sinclair, Esq.
Nevada Bar No. 12277
Sophia S. Lau, Esq.
Nevada Bar No. 13365
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada 89148

Attorneys for Defendants CHICAGO TITLE INSURANCE COMPANY and FIDELITY NATIONAL TITLE INSURANCE COMPANY

Dated this 31st day of January 2020
WRIGHT, FINLAY & ZAK, LLP

By: */s/--Lindsay D. Robbins*
Christina V. Miller, Esq.
Nevada Bar No. 12448
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117

Attorneys for Plaintiff CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 3

**ORDER**

**IT IS SO ORDERED:**

Dated: February 10, 2020

By: _____
Kent J. Dawson,
United States District Judge