UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTIANA TRUST,<br><br>              Plaintiff,<br><br>     v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANT, *et al.*,<br><br>              Defendants. | Case No. 2:20-cv-00115-KJD-DJA<br><br>**ORDER** |

     Presently before the Court is Defendants' Motion to Stay (#42). Plaintiff filed a response in opposition (#43) to which Defendants replied (#44).

     Defendants argue that a Landis stay is appropriate given the substantially similar insurance coverage issues raised in this case and two different cases, PennyMac Corp. v. Westcor Land Title Ins. Co., Eighth Judicial District Case No. A-18-781257-C, Supreme Court Case No. 83737 and Deutsche Bank National Trust Company v. Fidelity National Title Group, Inc., Eighth Judicial District Court Case No. A-20-820307-C, that are currently pending in the Nevada Supreme Court. (#42, at 1-2).

I.    Legal Standard

     A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936); Dependable Highway Exp., Inc., v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). When determining whether a stay is appropriate pending the resolution of another case—often called a "Landis stay"—the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, and (3) "and the orderly course of justice measured in terms of the simplifying or complicating of

issues, proof, and questions of law" that a stay will engender. <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1110 (9th Cir. 2005).

II.   <u>Analysis</u>

The Court, having considered the arguments raised in the complaint and considering the issues raised to the Nevada Supreme Court in <u>PennyMac</u> and <u>Deutsche Bank</u>, finds there is significant overlap to warrant granting the motion to stay. Further, the questions at issue involve important issues of State law that should be resolved by the highest court of the State of Nevada. While this Court normally resolves these questions by predicting how the Nevada Supreme Court would rule, it would be a waste of judicial resources to do so while the questions are currently pending before the state supreme court.

To be sure, the Court notes that there is hardship to parties who must delay discovery or wait longer for resolution of their case. However, that hardship is balanced by potentially avoiding the cost of discovery altogether if the Nevada Supreme Court issues a ruling that either disposes of claims entirely or crystalizes the benefits of settlement. Here, the Court does agree with Plaintiff that some issues will remain unresolved even after the Nevada Supreme Court decisions, but the fact remains that these decisions will help resolve certain complex questions of law. The "orderly course of justice" now balances in favor of a stay. <u>Lockyer</u>, 398 F.3d at 1110. Therefore, the motion to stay is **GRANTED**.

III.   <u>Conclusion</u>

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Stay (#42) is **GRANTED**.

DATED this 11th day of August 2023.

_____
Kent J. Dawson
United States District Judge